# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:95-CR-11 CAS |
| ) | |
| STACY MACKLIN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Stacy Macklin's pro se Motion to Reduce Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2), and pro se Motion to Modify or Terminate Supervised Release Pursuant to Title 18 U.S.C. § 3583(e)(1). The government has opposed Macklin's Motion to Reduce Sentence but did not respond to the Motion to Modify or Terminate Supervised Release.

Macklin was sentenced to 150 months imprisonment and a five-year term of supervised release on the charge of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). The statutory minimum term of imprisonment was 120 months, and the statutory minimum period of supervised release was five years. 21 U.S.C. § 841(b)(1)(A)(iii). Defendant completed his sentence and was released from federal prison on August 11, 2006, and is currently on supervised release.

**Motion to Reduce Sentence**

Section 3582(c)(2) provides in pertinent part:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent

that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The Sentencing Guidelines policy statement places a prohibition on sentence reductions pursuant to 18 U.S.C. § 3582(c)(2): "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C); see also United States v. Hasan, 245 F.3d 682, 686 n.5 (8th Cir. 2001) (noting that a reduction pursuant to § 3582(c)(2) is limited by the provisions of U.S.S.G. § 1B1.10(b)(2)(C)). In his reply memorandum, Defendant Macklin acknowledges the existence of this provision.

Defendant Macklin completed his original sentence for the crack cocaine offense in 2006. Because the statute does not permit the reduction of a term of imprisonment below time served, this motion should be denied.

**Motion to Modify or Terminate Supervised Release**

Defendant Macklin also moves for the modification or termination of his five-year supervised release term pursuant to 18 U.S.C. § 3583(e)(1). The Sentencing Commission has recognized that a defendant who may not be eligible for a reduction in his sentence because his term of imprisonment has been served in full may be considered for an early termination of supervised release:

> If the prohibition in subsection (b)(2)(C) relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range determined under subsection (b)(1), the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1). However, the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range . . . shall not, without more, provide a basis for early termination of supervised release. Rather, the court should take into account the totality of circumstances relevant to a decision to terminate

2

supervised release, including the term of supervised release that would have been appropriate in connection with a sentence under the amended guideline range determined under subsection (b)(1).

U.S.S.G. § 1B1.10, Application Note 4(B).

Although Macklin was sentenced to a five-year term of supervised release pursuant to 21 U.S.C. § 841(b)(1)(A), district courts have the authority under Section 3583(e)(1) to reduce a term of supervised release below the statutory minimum. See United States v. Spinelle, 41 F.3d 1057, 1060-61 (6th Cir. 1994) (discussing 21 U.S.C. § 841(b)(1)(C)); United States v. Scott, 362 F.Supp.2d 982, 984 (N.D. Ill. 2005) (discussing 21 U.S.C. § 841(b)(1)(B)); and United States v. McClister, 2008 WL 153771, at **1-2 (D. Utah Jan. 14, 2008) (discussing 21 U.S.C. § 841(b)(1)(B)). The government will be ordered to respond to the Motion to Modify or Terminate Supervised Release to address the merits of whether defendant's term of supervised release should be modified or terminated.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Macklin's Motion to Reduce Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) is **DENIED**. [Doc. 166]

**IT IS FURTHER ORDERED** that the government shall respond to defendant Macklin's Motion to Modify or Terminate Supervised Release Pursuant to Title 18 U.S.C. § 3583(e)(1) in accordance with this Memorandum and Order, by **July 17, 2009**.

	*/s/ Charles A. Shaw*
	**CHARLES A. SHAW**
	**UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of July, 2009.