**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:95-CR-11 CAS |
| ) | |
| STACY MACKLIN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Stacy Macklin's pro se Motion to Modify or Terminate Supervised Release Pursuant to Title 18 U.S.C. § 3583(e)(1). The government opposes Macklin's Motion to Modify or Terminate Supervised Release and movant has filed a Reply. For the following reasons the motion will be denied.

Macklin was sentenced to 150 months imprisonment and a five-year term of supervised release on the charge of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). The statutory minimum term of imprisonment was 120 months, and the statutory minimum period of supervised release was five years. 21 U.S.C. § 841(b)(1)(A)(iii). Defendant completed his sentence and was released from federal prison on August 11, 2006, and is currently on supervised release.

**Discussion**.

Defendant Macklin moves to modify or terminate his five-year supervised release term pursuant to 18 U.S.C. § 3583(e)(1). The Sentencing Commission has recognized that a defendant who may not be eligible for a reduction in his sentence because his term of imprisonment has been served in full may be considered for an early termination of supervised release:

> If the prohibition in subsection (b)(2)(C) relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range determined under subsection (b)(1), the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1). However, the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range . . . shall not, without more, provide a basis for early termination of supervised release. Rather, the court should take into account the totality of circumstances relevant to a decision to terminate supervised release, including the term of supervised release that would have been appropriate in connection with a sentence under the amended guideline range determined under subsection (b)(1).

U.S.S.G. § 1B1.10, Application Note 4(B).

Although Macklin was sentenced to a five-year term of supervised release pursuant to 21 U.S.C. § 841(b)(1)(A), district courts have the authority under Section 3583(e)(1) to reduce a term of supervised release below the statutory minimum. See United States v. Spinelle, 41 F.3d 1057, 1060-61 (6th Cir. 1994) (discussing 21 U.S.C. § 841(b)(1)(C)); United States v. Scott, 362 F.Supp.2d 982, 984 (N.D. Ill. 2005) (discussing 21 U.S.C. § 841(b)(1)(B)); and United States v. McClister, 2008 WL 153771, at **1-2 (D. Utah Jan. 14, 2008) (discussing 21 U.S.C. § 841(b)(1)(B)). The Court will therefore examine the totality of the circumstances relevant to a decision to terminate supervised release.

In opposing the defendant's motion, the government states that defendant has approximately two years left to serve on his term of supervised release, and was arrested by the Missouri Highway Patrol in St. Charles County, Missouri in June 2009 for Driving While Intoxicated ("DWI"). The government states it opposes the early termination of supervised release because it "appears defendant is in need of additional drug/alcohol treatment and counseling that can be properly supervised by the United States Probation Office." Gov't. Response at 2.

In addition, the United States Probation Office has reported to the Court that defendant is set to appear in court on the DWI charge on September 17, 2009, and as a result of the arrest was referred for outpatient substance abuse treatment. The Probation Office recommends that the Court deny defendant's motion for early release because he "has demonstrated by his behavior that he requires additional supervision and treatment, which can be monitored by the U.S. Probation Office."

The Court finds that defendant Macklin's request for early termination of his supervised release should be denied as a result of his arrest on the DWI charge, which is a serious violation and indicates that defendant requires further supervision.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Macklin's Motion to Modify or Terminate Supervised Release Pursuant to Title 18 U.S.C. § 3583(e)(1) is **DENIED**. [Doc. 167]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of August, 2009.